CRAIG, Appellant, v. ROBERTSON, Respondent. (Supreme Court, Appellate Term, November, 1902.) Action by Alida B. Craig against Mary Robertson. McElheny & Bennett, for appellant. J. E. Smith, for respondent.

BLANCHARD, J. This is the third appeal in this case, and the law pertaining to it has been substantially settled. There is evidently no desire on the part of the trial justice before whom this case has been tried three times to take into consideration the decision of this court. The case is a very simple one. The plaintiff was the only witness called. The defendant offered no evidence whatsoever, and the plaintiff's testimony is wholly unimpeached. She testified that she was employed by defendant as a trained nurse at $25 a week, from August 20 to September 13, 1900, but that she was actually at work for defendant at defendant's residence for five days; that she was in defendant's employ and subject to her call from August 20th to September 8th, when she received a telephone call and went to defendant's house. There can be no question from the evidence but that the defendant employed the plaintiff during the entire period of time from August 20th to September 13th. The learned trial justice, however, dismissed the complaint, for the reason, so far as we can ascertain from the record, that he interpreted the complaint as for a breach of contract, and held that no breach had been established. The plaintiff, however, alleges in her complaint that she was, on or about the 9th of August, 1900, employed by defendant as nurse from August 20 to September 13, 1900, and that she rendered to the defendant her services during that period, so that, so far as the reasons assigned for the dis-

missal are concerned, it cannot be sustained, nor can it be sustained for any other reason. There is one feature of the case which, in our opinion, may properly be noticed. The defendant, by her answer, admitted her liability for $17.85 for five days' services from September 8th to September 13th, and alleged a tender, but failed to make the tender in court. Upon the first appeal (33 Misc. Rep. 780, 67 N. Y. Supp. 969) this court held that this tender was not available, because not kept good by a payment in court, and the plaintiff was clearly entitled to a judgment for at least the amount admitted by defendant's answer to be due. Upon the second appeal (35 Misc. Rep. 818, 72 N. Y. Supp. 1098) this court in effect reiterated this decision, and held, further, that the tender which defendant was required to make, in addition to the sum concededly owing to the plaintiff, must include the costs of the successful appeal and the disbursements and costs paid below on the first trial. Before going into the third trial the defendant tendered into court the sum of $17.85, conceded by her answer to be due (without interest, however), and the sum of $53, the disbursements and costs of the first two trials, but not the costs of either the first two appeals. This was clearly an insufficient tender, as the court has held upon the second appeal of this case; but the question of the sufficiency of the tender is not important, for in our judgment the plaintiff established her claim to the full extent alleged in her complaint. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event, and the new trial should be had in another district, to be designated in the order.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). To my thinking, the judgment of the learned trial justice was right, for the plaintiff failed to prove performance of the contract she pleaded. The course of the trial moved the court to ask, "Then you are suing for breach of contract, are you?" That brought from the plaintiff's counsel, "You have the complaint before you," and later, after being told it would do no harm to state and save time, "I have forgotten myself; I have not read the complaint since the last trial." So he stood by his pleading upon an express contract until he had rested, and his opponent had moved and stated the reasons for dismissal. Then he said, "We are suing for work, labor, and services," to which the court returned, "But your complaint expresses your theory, and, when I asked you, * * * you stated that the complaint was before me." The plaintiff may not be helped here by the admission in the answer; for it was part of an allegation asserting a different relation from that asserted in the complaint, and one may not avail of part of an allegation without adopting the whole.

In re CRUISKSHANK. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) In the matter of the petition of Warren Cruiskshank for an order revoking and cancelling liquor tax certificate No. 2,901, issued to Henry Hesterberg. No opinion. Order affirmed, with $10 costs and disbursements.